7702

DISEKER v. EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES.

1. Expert evidence is not admissible to show that service on a yard
switching engine could not be considered service in switching cars.

2. Insurance—Railroads.—Acting as fireman on a switching engine in
a railroad yard is within the inhibition of an insurance policy not to
engage in the "service of switching cars."

Before KLUGH J. Richland Spring Term 1909. Affirmed.

Action by Carola J. Diseker against Equitable Life Assurance Society of the United States. From judgment for defendant, plaintiff appeals.

*Messrs. Nelson & Nelson* and *John T. Seibels* for appellant. *Mr. Seibels* cites: *Construction of accident policy:* 8 Am. St. R. 758; 48 Am. R. 205; 127 U. S. 661; 23 Am. St. R. 637; 90 Ala. 201; 45 Mo. 221; 94 Ky. 547; 1 Ency. 306; 103 N. Y. S. 638; 180 U. S. 136; 151 U. S. 452; 167 U. S. 159; 95 U. S. 673; 8 L. R. A. 81; 53 Ohio St. 79; 67 L. R. A. 586; 180 U. S. 40; 1 L. R. A. 564; 51 L. R. A. 701; 116 N. Y. 54; 46 S. C. 495; 111 U. S. 335; 78 S. C. 77. *Construction of insurance contract:* 183 U. S. 25; 151 U. S. 452; 136 U. S. 287; 192 U. S. 149; 171 N. Y. 25; 173 Pa. St. 53; 182 Ill. 34; 75 Miss. 47; 119 Ala. 436; 59 N. J. R. 964; 192 U. S. 162; 180 U. S. 136; 167 U. S. 159; 95 U. S. 673; 8 L. R. A. 81; 30 L. R. A. 720; 67 L. R. A. 586; 1 L. R. A. 564; 51 L. R. A. 701.

*Messrs. J. P. K. Bryan* and *Thomas & Thom~s,* contra. *Mr. Bryan,* cites: *Fireman on switching engine is engaged in service of switching cars:* 26 N. E. 437; 53 N. E. 396; 164 Mass. 523; 30 N. E. 169; 48 N. W. 1007; 58 N. W. 1076; 168 Fed. 148.

October 28, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   On September the 14th, 1905 the defendant issued an insurance policy for one thousand dollars on the life of William H. Diseker and payable to plaintiff, his mother, as beneficiary.   Within less than a year thereafter, on September 6th, 1906, William H. Diseker died and this action was brought to recover upon the policy. Defendant made defense, among other things, that the policy was void because the deceased within one year from the date of the policy engaged in service upon a railroad train as fireman on one of the engines on the Southern Railway, and engaged in switching cars for the Southern Railway and came to his death while so engaged.

The policy contains this provision:

2. "Occupation, Residence and Travel.—There are no restrictions under this policy upon travel, residence, occupation, military or naval service, excepting for one year from its date of issue, during which time travel or residence in Mexico or the Torrid Zone, or engagement, occupation or employment in blasting, mining, submarine labor, aeronautic ascensions, the manufacture, handling or transporation of inflammable or explosive substances, service upon railroad trains, or in switching or coupling cars, or on any steamboat or vessel, will render this policy void, and excepting military or naval service in war, which is at all times subject to and permitted only in accordance with the provisions of Section 2, on the third page hereof."

It is undisputed that for several months immediately preceding his death the insured acted as fireman on one of the switching engines of the Southern Railway which was used in the switching of cars, and at the time of his death he was acting as fireman on a switching engine operating within the railroad yards in the city of Charleston, S. C., which had just placed several cars upon a side track and was returning without any car attached to another track, when the insured's

head came in contact with a car standing on a side track, which caused his death.

Judge Klugh directed a verdict for defendant on the ground that the insured was engaged as a member of the switch engine crew and in the general service of switching at the time he met his death, and that this amounted to a forfeiture of the policy.

Defendant offered testimony by a witness as an expert to show that service on a yard switching engine could not be considered service in switching cars, and exception is taken to the exclusion of such testimony. The ruling was correct.

The matter fell within the range of common experience and observation, and was perfectly intelligible without the aid of opinion. *Fitzgerald* v. *Mfg. Co.,* 74 S. C.. 235. 54 S. E. 373.

The action of the Court in directing a verdict was free from error, as the only reasonable inference that could be deduced from the undisputed facts is that the insured had engaged in service in switching cars within one year after the date of the policy which made the policy void. The risk was not one for which the policy provided indemnity. We see no merit in the contention that the insured was a "fireman" on a yard engine and was not a "switchman" and therefore had not performed "service in switching cars." The policy did not stipulate against the insured acting as "switchman" simply, but against his performing service in switching cars. It is perfectly manifest that a fireman employed on a switching engine and directly co-operating with others to effect the switching of cars, is engaged in the service of switching cars.

The judgment of the Circuit Court is affirmed.